# EXHIBIT A

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

February 5, 2015

Writer's Direct Contact
+1 (415) 268.7455
MJacobs@mofo.com

*Via First Class and Electronic Mail*

Honorable Alex Padilla
California Secretary of State
1500 11th Street
Sacramento, CA 95814

Re:   California's Non-Compliance with Section 5 of the National Voter Registration Act

Dear Secretary Padilla:

We write on behalf of the League of Women Voters of California, ACCE Institute, California Common Cause, the National Council of La Raza, Shelley Small, David Hinz, and Dan Vicuña, and other persons and organizations similarly situated,[1] to notify you that the State of California is not in compliance with Section 5 of the National Voter Registration Act of 1993 ("NVRA"). California is failing to provide its citizens with NVRA-mandated voter registration opportunities through the Department of Motor Vehicles ("DMV") when they apply for, renew, or submit a change of address with respect to a driver's license or state-issued identification card.

At a minimum, California has violated and continues to violate the NVRA by:

- failing to integrate a simultaneous voter registration opportunity into the driver's license and identification card application and renewal process;

- requiring voters to provide information on the voter registration application that duplicates information provided on the driver's license application or renewal form;

- failing to update the voter registration address of all voters submitting a change of address to the DMV who do not indicate that the update is not for voting purposes;

---

[1] This includes, without limitation, eligible California voters who have engaged or will engage in drivers'

sf-3501656

**MORRISON | FOERSTER**

February 5, 2015
Page Two

- cancelling the registrations of voters who submit changes of address to a new county; and

- failing to properly transmit voter registration applications and changes of address from the DMV to election officials.

As California's chief election official, you are responsible for ensuring the State's compliance with the NVRA. We therefore urge you to take immediate steps to bring the State into compliance with Section 5.

We look forward to working with you to remedy California's non-compliance. Dēmos and Project Vote each have ten years of experience in working with states across the country, either cooperatively or through litigation, to ensure compliance with the NVRA, and the ACLU has been active in advocating for voting rights in California for many decades.

**The Requirements of the National Voter Registration Act**

Section 5 of the NVRA requires that the DMV provide a voter registration opportunity concurrently with any driver's license or state-issued identification card application, renewal or change of address. Specifically, each driver's license application submitted to the DMV, including any renewal application, "shall serve as an application for voter registration … unless the applicant fails to sign the voter registration application."[2] If the voter is already registered, the application or renewal "update[s] any previous voter registration by the applicant."[3] The voter registration portion of the application "may not require any information that duplicates information required in the driver's license portion of the form," except a second signature and an attestation of eligibility.[4] Furthermore, any additional information required for voter registration must be non-duplicative and may only be the minimum amount necessary to prevent duplicate voter registrations and to enable election officials to assess eligibility and administer the election process.[5]

The NVRA also requires that any driver's license change of address form "shall serve as notification of change of address for voter registration … unless the registrant states on the form that the change of address is not for voter registration purposes."[6]

---

[2] 52 U.S.C. § 20504(a)(1). The NVRA defines "motor vehicle driver's license" as including "any personal identification document issued by a State motor vehicle authority," a definition which also encompasses all state-issued non-driver identification cards. 52 U.S.C. § 20502. In this letter, the term "driver's license" encompasses both driver's licenses and state-issued identification cards issued by the DMV.
[3] 52 U.S.C. § 20504(a)(2).
[4] *Id.* at (c)(2)(A).
[5] *Id.* at (c)(2)(B).
[6] *Id.* at (d).

sf-3501656

MORRISON | FOERSTER

February 5, 2015
Page Three

**California's Noncompliance with Section 5 of the NVRA**

California's driver's license application, renewal, and change of address procedures have violated and continue to violate Section 5 of the NVRA.  The Secretary of State's NVRA Manual[7] documents a set of policies for offering voter registration through the DMV that, as written, contravene the NVRA's requirements.  What's worse, based on evidence provided by the DMV in response to a public records request and obtained through field interviews with DMV customers and employees, it appears that the DMV is failing to follow the State's official, non-compliant policies in many circumstances and in doing so is violating the NVRA in additional ways.

**The Driver's License Application and Renewal Processes Violate the NVRA**

The DMV's driver's license application and renewal processes are facially non-compliant with Section 5 of the NVRA in several respects.  Section 5 requires that a driver's license application "serve as an application for voter registration" unless the applicant fails to sign the voter registration application.[8]  The voter registration application "may not require any information that duplicates information required in the driver's license portion of the form," with a few minor exceptions.[9]  California's driver's license application and renewal forms fail in both these respects.

California's in-person application form (DL 44), used for both initial applications and renewals, asks applicants whether they wish to register to vote, change political affiliation, or change their address:



Instead of then merely requesting only the necessary additional, non-duplicative information, the form directs an applicant who wishes to register to vote to a separate voter registration application.  This voter registration form is blank and, to complete it, the applicant must provide information already entered on the driver's license application, in violation of Section 5 of the NVRA.  Furthermore, applicants who are already registered voters, under Section 5, must be able to use their driver's license application and renewal to update their existing voter registration, such as a change in name, address, or political party affiliation.

---

[7] *See* California Secretary of State, CALIFORNIA NVRA MANUAL (2013 Revision), *available at* http://www.sos.ca.gov/elections/voter-registration/nvra/laws-standards/nvra-manual/ (the "NVRA Manual").
[8] *Id.* at (a)(1).
[9] *Id.* at (c)(2)(A).  These exceptions include a second signature, *Id.,* and an attestation of eligibility to vote.  *Id.* at (c)(2)(C).

**MORRISON | FOERSTER**

February 5, 2015
Page Four

Pursuant to existing DMV practices, these applicants do not have their voter registration updated by using form DL 44 as required by Section 5; they, too, must complete a blank voter registration form with duplicative information in violation of the NVRA.

Our investigation revealed that in several DMV locations throughout California, applicants are deprived of any meaningful opportunity to register to vote. Many DMV applicants we spoke to were not aware that a voter registration application was attached to their driver's license application. In fact, several applicants indicated on their license application that they wished to register to vote but were not able to because they were either not aware that they needed to complete a separate form or were not asked to submit a voter registration application.

The DMV's mail and online renewal procedures also violate the NVRA. The DMV sends an individual renewing by mail a DL 6/DL 6C Renewal by Mail/Internet form, which, like the DL 44, includes a separate voter registration form.[10] Similarly, the DMV website directs applicants who complete a renewal online and want to register to vote to the Secretary of State's office to obtain and complete a voter registration application.[11] Both options require duplicative information from an applicant wishing to register to vote, in violation of the NVRA. According to the NVRA Manual, the DMV's online renewal system should include a link to the Secretary of State's online voter registration system, but it is our understanding that no such link in fact appears within the renewal process. Even if the DMV had included such a link, however, it would not satisfy the NVRA. In addition to requiring duplicative information, the Secretary of State's online voter registration system is separate from the DMV's online renewal process and not integrated into the driver's license renewal transaction in accordance with Section 5.

Failing to provide a simultaneous, non-duplicative voter registration process when applicants apply for or renew a driver's license violates the NVRA and must be remedied immediately. Indeed, the State's own watchdog has confirmed that these violations are occurring: In 2013, the California State Auditor deemed California in violation of the NVRA because the DMV is failing to offer compliant voter registration services.[12]

**The DMV's Change of Address Procedures Violate the NVRA**

The DMV's change of address procedures do not comply with the Section 5's requirement that "[a]ny change of address form" submitted for driver licensing purposes "shall serve as

---

[10] *See* NVRA Manual at 12.
[11] *See id.* at 12-13.
[12] *See* California State Auditor, SECRETARY OF STATE: IT MUST DO MORE TO ENSURE FUNDS PROVIDED UNDER THE FEDERAL HELP AMERICA VOTE ACT ARE SPENT EFFECTIVELY, Report 2012-112 (August 2013), at 31-34, *available at* http://www.auditor.ca.gov/pdfs/reports/2012-112.pdf.

MORRISON | FOERSTER

February 5, 2015
Page Five

notification of change of address for voter registration …."[13] The statute applies to *any* change of address, regardless of whether the applicant moves to a different county within the state. California's Notice of Change of Address form (DMV 14), however, indicates that the DMV will automatically update the applicants' voting address only if the voter moves within the same county:



Voters moving to a new county are required to complete and submit a new voter registration card in violation of the NVRA.

DMVs do not provide a voter registration card with a change of address applications. We interviewed several individuals completing change-of-address transactions at the DMV who were not provided a voter registration application when submitting a change of address to a new county. Interviews with DMV employees reveal that some locations do not provide voter registration applications to customers reporting a change of address applicationsunless specifically asked. In certain locations, voter registration applications were completely unavailable.

The DMV's online change of address process also violates the NVRA. Contrary to the NVRA Manual, at the point in the process where voters may select to change their voting address, the webpage does not contain even a link to the Secretary of State's voter registration website.[14] The applicant must instead independently find, complete, and submit their voter registration application. Moreover, as discussed above, the presence of a mere link would not comply with the requirements of the NVRA in any case.

**The Removal of Voter Records for Change-of-Address Applicants Violates the NVRA**

California election officials remove voters from the voter rolls when they report an address change to a new county through the DMV.[15] This is true even if the voter has not completed a new voter registration application or even been provided with one. These voters are thus at risk of losing their ability to vote. This practice violates the NVRA.

---

[13] 52 U.S.C. § 20504(d).
[14] *See* NVRA Manual at 13.
[15] *See* NVRA Manual at 18.

sf-3501656

MORRISON | FOERSTER

February 5, 2015
Page Six

### The DMV's Failure to Transmit Voter Registration Applications and Changes of Address Violates the NVRA

Even when voters acquire and complete a blank voter registration application during covered DMV transactions, the DMV routinely fails to transmit these applications to the appropriate election officials.  For example, Mr. Vicuña and Mr. Hinz each submitted a complete voter registration application with their driver's license applications but were not added to the voter rolls.  Similarly, Ms. Small submitted a change-of-address form indicating that her voter registration should be updated, but her registration was never updated.

### Federal Data Reflects California's Noncompliance

The voter registration data California submits to the U.S. Election Assistance Commission reflects the state's failure to comply with the NVRA.  For example, during the 2011-12 election cycle, 32% of nationwide voter registration applications came from motor vehicle departments.[16]  But in that period, only 14% of voter registrations in California were submitted at the DMV, in contrast to 85% in Michigan and 78% in Delaware.[17]  During that same reporting period, California reported receiving only about 700,000 voter registration applications from the DMV, despite having issued over 16.2 million driver's licenses.[18]  In contrast, Michigan reported more than three times as many motor voter applications (over 2.3 million) while issuing more than three times fewer (4.1 million) driver's licenses.[19]

### Ensuring Compliance with the NVRA

California is engaging in continuous and ongoing violations of Section 5 of the NVRA.  As California's chief election officer, it is your responsibility to take immediate action to ensure that the DMV complies with the NVRA and provides the voter registration services mandated by federal law.

We are ready and eager to meet with you and other state officials to develop a comprehensive plan for NVRA compliance.  We have successfully done so in many other states.  This letter, however, constitutes formal notice of our intent to initiate litigation at the

---

[16] U.S. Elections Assistance Commission, THE IMPACT OF THE NATIONAL VOTER REGISTRATION ACT OF 1993 ON THE ADMINISTRATION OF ELECTIONS FOR FEDERAL OFFICE 2011-12 at 41 (2013), *available at* http://www.eac.gov/assets/1/Documents/EAC_NVRA%20Report_lowres.pdf.
[17] *Id.*
[18] *Id.*
[19] U.S. Elections Assistance Commission, THE IMPACT OF THE NATIONAL VOTER REGISTRATION ACT OF 1993 ON THE ADMINISTRATION OF ELECTIONS FOR FEDERAL OFFICE 2011-12 at 41 (2013), *available at* http://www.eac.gov/assets/1/Documents/EAC_NVRA%20Report_lowres.pdf.; Federal Highway Administration, FHWA-562 FORM FOR STATE OF CALIFORNIA (available through the FHWA).

MORRISON | FOERSTER

February 5, 2015
Page Seven

end of the statutory 90-day waiting period should California fail to remedy the violations of Section 5 of the NVRA identified above.[20]

Thank you, and we look forward to working with you.

Sincerely,

*[signature]*

MICHAEL JACOBS
*Morrison & Foerster LLP*

STUART NAIFEH
*Dēmos*

LORI SHELLENBERGER
*ACLU Foundation of San Diego and Imperial Counties*

SARAH BRANNON*
NIYATI SHAH[†]
*Project Vote*
\* *Admitted to practice only in Maryland. Practice in DC limited to cases in federal court.*
†*Admitted to practice only in New Jersey & New York. Practice in DC limited to cases in federal court.*

---

[20] 52 U.S.C. § 20510(b).

sf-3501656

MORRISON | FOERSTER

February 5, 2015
Page Eight

cc:    The Honorable Edmund G. Brown, Jr.
      Governor of California
      State Capitol Building
      Sacramento, CA 95814

      Honorable Brian P. Kelly
      *Secretary*
      California State Transportation Agency
      915 Capitol Mall, Suite 350B
      Sacramento, CA 95814

      Jean Shiomoto
      *Director*
      Department of Motor Vehicles
      2415 First Avenue, MS F101
      Sacramento, CA 95818-2606

sf-3501656