UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF CALIFORNIA, ACCE INSTITUTE, CALIFORNIA COMMON CAUSE, and NATIONAL COUNCIL OF LA RAZA,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN P. KELLY, Secretary of the California Transportation Agency, JEAN SHIOMOTO, Director of the California Department of Motor Vehicles, and ALEX PADILLA, California Secretary of State,<br><br>Defendants. | Case No. 17-cv-02665-LB<br><br>**ORDER DENYING THE DEFENDANTS' MOTION TO DISMISS ON THE GROUND OF RES JUDICATA**<br><br>Re: ECF No. 21 |

**INTRODUCTION**

The plaintiffs — all non-profit organizations — challenge California's implementation of the National Voter Registration Act of 1993 ("NVRA" or "Act"). 52 U.S.C. § 20501 *et seq.*[1] The court previously deferred ruling on whether res judicata bars (1) the claims of League of Women

---

[1] *See generally* Compl. – ECF No. 1; First Amended Complaint ("FAC") – ECF No. 41. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 17-cv-02665-LB

Voters and California Common Cause, who were parties to an earlier lawsuit that settled, and (2) the claims of ACCE Institute to the extent that it asserts claims on behalf of individual members.[2] The court now denies the defendants' motion to dismiss on the ground of res judicata.

## ANALYSIS

This order supplements the prior order, incorporates it by reference, and finishes the court's deferred res judicata analysis.

The defendants argue that the plaintiffs' claims are barred by res judicata (or claim preclusion).[3] They do not argue that the doctrine kills the case: they advance the argument only against the common plaintiffs to the two lawsuits (League of Women Voters and California Common Cause) and to the extent that the entity defendants seek to vindicate individual rights.[4] The parties define the issue now as follows: the court "deferred ruling on defendants' contention that res judicata bars the claims of plaintiffs League of Women Voters and California Common Cause, and also bars claims of plaintiff ACCE Institute to the extent it seeks to sue on behalf of individual members."[5] The parties stipulate that the court will decide the res judicata issue "based on the first amended complaint" and the earlier briefing.[6]

A defendant may raise the affirmative defense of res judicata in a motion to dismiss under Rule 12(b)(6). *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Claim preclusion bars parties from relitigating claims that they raised or could have raised in a prior lawsuit between the same parties. *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016); *Taylor v.*

---

[2] Order – ECF No. 32 at 16–17.

[3] Motion – ECF No. 22 at 18–21.

[4] *Id.*; *see also* Order – ECF No. 32 at 16. The court previously took judicial notice of the public records from the prior lawsuit. *Id.* at 5 n.12.

[5] Stipulation – ECF No. 53 at 2.

[6] *Id.* The court mostly denied the defendants' motion to dismiss in an earlier order, granting only the motion to dismiss for lack of associational standing. Order – ECF No. 32 at 14. Because the plaintiffs did not establish associational standing, the court did not reach the issue of res judicata. *Id.* at 16. It does so now and construes the parties' stipulation to mean that the claims in the original complaint and the amended complaint are equivalent for the court's res judicata inquiry. Compl. – ECF No. 1; FAC – – ECF No. 41. The plaintiffs filed their amended complaint to plead associational standing.

*Sturgell*, 553 U.S. 880, 892 (2008); *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987). There must be (1) an identity of claims, (2) a final judgment on the merits, and (3) privity among the parties. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

The plaintiffs contend that ACCE's 14,000 members were not all adult California citizens in 1998.[7] That is plainly true. The class was defined as:

> All United States citizens over the age of eighteen and resident in the State of California who are not registered to vote, who have moved since their last voter registration, who may desire to re-register to vote during the pendency of this action, who may be subject to removal of their voter registration or who may be denied the right to vote in violation of the NVRA.[8]

The court does not see why it has to address the issue further. If there is associational standing (an issue to be addressed in any renewed motion to dismiss for lack of associational standing), then ACCE can advance at least some portion of its members' interests.[9]

Moreover, the plaintiffs also argue that they are advancing NVRA violations now that were not part of the prior case.[10] The court agrees. The general conduct — the sufficiency of the mail-in forms — is the same, and certainly the lawsuit challenged the renewal-by-mail forms. But the facts are different. It is decades later, the technological landscape is different, and fixes that were not available then — prepopulated forms, for example — exist now.[11] Finality is not meant to promote intransigency of the process to comply with a federal statute. The point of claim preclusion, after all, is to prevent "litigation of all grounds for, or defenses to, recovery that were *previously available* to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (emphasis added). "Under *res*

---

[7] Opposition – ECF No. 26 at 18.

[8] Order and Injunction, Ex. 2 to Request for Judicial Notice ("RJN") – ECF No 23-2 at 8.

[9] *Riddick by Riddick v. School Bd. of Norfolk* does not change this analysis. 784 F.2d 521, 531–32 (4th Cir. 1986). The issue-preclusion analysis there is different than the claim-preclusion analysis here. *See* Opposition – ECF No. 26 at 17–18.

[10] Opposition – ECF No. 26 at 18.

[11] *See id.* at 20. The defendant contends that the change in the technological landscape was not pleaded in the complaint. Reply – ECF No. 27 at 15. But it is obvious.

ORDER – No. 17-cv-02665-LB     3

*judicata*, upon a final judgment on the merits[,] parties to a suit are barred, as to every matter that was offered and received to sustain or defeat a cause of action, as well to any other matter that the parties had a full and fair opportunity to offer for that purpose." *Mahattan Eye Ear & Throat Hosp. v. NLRB*, 942 F.2d 151, 155–56 (2d Cir. 1991) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)).

Here, the changed (current) fact context is relevant to whether principles of finality give preclusive effect to the first lawsuit. For example, it is relevant to whether the current process complies with the statute's requirements of (1) a voter-registration portion of the DMV application that does not require information that duplicates information on the driver's license part of the form and in the DMV's records, (2) a "simultaneous application to vote," (3) a single change-of-address form, and (4) requiring only the minimum amount of information to prevent duplicate registrations and enable the Secretary to assess voter eligibility and administer voter registration. 52 U.S.C. § 20504(a)(1), (c)(2)(A)–(B), (d).[12] In *Whole Women's Health*, for example, the Court held that in a case involving "important human values," "even a slight change of circumstances" can avoid the res judicata bar. 126 S. Ct. at 2305–07.[13]

On this record, at this stage of the case, the court cannot conclude that res judicata bars the plaintiffs' claims.

## CONCLUSION

The court denies the motion to dismiss on the ground that res judicata bars the claims of certain plaintiffs.

**IT IS SO ORDERED.**

Dated: September 29, 2017

LAUREL BEELER
United States Magistrate Judge

---

[12] *See* Order – ECF No. 32 at 15.

[13] *See* Opposition – ECF No. 26 at 18–19 (collecting cases and making this analysis).

ORDER – No. 17-cv-02665-LB          4