MICHAEL A. JACOBS (SBN 111664)
MJacobs@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

MOLLIE LEE (SBN 251404)
MLee@aclunc.org
LORI SHELLENBERGER (SBN 154696)
LShellenberger@mac.com
ACLU FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: 415.621.2493
Facsimile: 415.255.8437

Attorneys for Plaintiffs
*[Additional counsel on next page]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF CALIFORNIA, ACCE INSTITUTE, CALIFORNIA COMMON CAUSE, and NATIONAL COUNCIL OF LA RAZA,<br><br>          Plaintiffs,<br><br>    v.<br><br>BRIAN C. ANNIS, SECRETARY OF THE CALIFORNIA TRANSPORTATION AGENCY, et al.,<br><br>          Defendants. | Case No. 3:17-cv-02665-LB<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING ENFORCEMENT OF SETTLEMENT AGREEMENT** |

STUART NAIFEH (SBN 233295)
SNaifeh@demos.org
DEMOS
80 Broad Street, 4th Floor
New York, NY 10004
Telephone: 212.485.6055
Facsimile: 212.633.2015

SARAH BRANNON (*pro hac vice granted*)
sbrannon@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW
Washington, DC 20005
Telephone: 202.675.2337

Plaintiffs League of Women Voters of California, ACCE Institute, National Council of La Raza (now renamed Unidos US), and California Common Cause (collectively, "Plaintiffs"), and defendants Brian C. Annis,[1] in his official capacity as Secretary of the California State Transportation Agency, Kathleen Webb,[2] in her official capacity as the acting director of the California Department of Motor Vehicles ("DMV"), and Alex Padilla, in his official capacity as the California Secretary of State (collectively, "Defendants," and together with Plaintiffs, the "Parties"), through their counsel, hereby stipulate as follows:

WHEREAS, on January 11, 2018, the Parties entered into a Settlement Agreement, attached hereto as Exhibit A, fully and finally resolving this action brought to enforce the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20501, et seq.;

WHEREAS, the Settlement Agreement required the Parties to jointly request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement for the duration of the agreement as set forth therein in Section VII, but otherwise dismiss the action with prejudice;

WHEREAS, on January 19, 2018, the Court dismissed this action with prejudice, and retained jurisdiction to enforce the terms of the parties' Settlement Agreement, for the duration of the agreement as set forth therein in Section VII;

WHEREAS, Section VII of the Settlement Agreement provided that the Settlement Agreement would remain in effect for 8 months after full implementation of the revisions to the renewal by mail procedure described in Section II of the Settlement Agreement;

WHEREAS, Section II of the Settlement Agreement provided that the revisions described therein would be implemented not later than April 30, 2018, and the Parties are in agreement that those revisions were implemented not later than April 30, 2018, and that the 8 month period described in Section VII of the Settlement Agreement began on April 30, 2018;

---

[1] Secretary Brian C. Annis succeeds former Secretary Brian P. Kelly. Fed. R. Civ. P. 25(d) (an "officer's successor is automatically substituted as a party").

[2] Acting director Kathleen Webb succeeds former director Jean Shiomoto. Fed. R. Civ. P. 25(d) (an "officer's successor is automatically substituted as a party").

WHEREAS, Section II of the Settlement Agreement provides, with respect to revisions to the renewal by mail procedure, that DMV and the Secretary of State shall "[e]nsure that voter registration information is transmitted, pursuant to 52 U.S.C. § 20504(e), to the Secretary of State not later than 10 days after the date it is received by DMV," with respect to "forms that comply with DMV's system requirements for processing";

WHEREAS, 52 U.S.C. § 20504(e)(2) also requires that registration applications accepted by DMV "within 5 days before the last day for registration to vote in an election . . . shall be transmitted" to the Secretary of State "not later than 5 days after the date of acceptance";

WHEREAS, on December 12, 2018, Plaintiffs notified Defendants in writing of their belief that Defendants had breached the Settlement Agreement, *see* Exhibit B;

WHEREAS, on December 27, 2018, the Parties entered into a stipulation, and the Court entered an order, extending the Court's jurisdiction to enforce the Settlement Agreement through December 31, 2020, *see* Exhibit C;

WHEREAS, Defendants implemented a Quality Assurance process in October 2018 with respect to voter registration records to be transmitted by DMV to the Secretary of State, which required manual review of some records and manual transmissions of all records;

WHEREAS, Defendants have determined that the Quality Assurance process resulted in a failure to timely transmit certain records from DMV to the Secretary of State as required under 52 U.S.C. § 20504(e) and the Settlement Agreement; that these delays impacted certain records associated with DMV transactions dated October 12, 2018 to December 30, 2018; and that in addition to delays resulting from the manual review and transmission of records, all transmissions of voter registration records from DMV to the Secretary of State stopped entirely from November 8, 2018 to November 30, 2018; and

WHEREAS, Defendants have also determined that some voter registration records associated with DMV transactions were delayed for more than ten days for reasons other than the Quality Assurance process described above;

NOW THEREFORE, in consideration of the foregoing, the Parties further stipulate and agree that:

## [PROPOSED] STIPULATED ORDER

1. **Determination of Potential Election Impact of Delays due to "Quality Assurance":**

   Delays resulting from the Quality Assurance process are defined as delays resulting from the manual review of some records and manual transmission of all records, associated with DMV transactions dated October 12, 2018 to December 30, 2018, as well as the delays resulting from the failure to transmit any records from November 8, 2018 to November 30, 2018.  No later than 30 days from the date of this Order, the Secretary of State shall provide a report to Plaintiffs stating:

   - whether, as determined in consultation with county elections officials, the outcome of any election in any jurisdiction within the State, held during the November 6, 2018 general election, could have been impacted by the failure to count a provisional ballot cast by a voter whose voter registration application or update was not timely transmitted by DMV because of delays resulting from the Quality Assurance process;

   - the number of voters who submitted a voter registration application or update to DMV dated on or before[3] the October 22, 2018 voter registration deadline that, because of delays resulting from the Quality Assurance process, was not transmitted to elections officials until after the November 6, 2018 general election, and who cast a provisional ballot in the November 6, 2018 general election that was not counted; and

---

[3] For the purposes of this Agreement, the date of a voter registration application or update means (1) the date of electronic submission to DMV, (2) the postmark date of applications and updates submitted to DMV by mail, or (3) if the postmark is missing or is not legible, the date the applicant signed the form.

- the number of voters who submitted a voter registration application or update to DMV dated on or before the October 22, 2018 voter registration deadline and requested to become a permanent vote-by-mail voter or requested a vote by mail ballot for the November 6, 2018, general election, but, because of delays resulting from the Quality Assurance process, did not have their records updated with that request until after the election.

2. **Determination of the Total Scope of the Violation**

Defendants shall continue to investigate the scope and cause of delays in transmitting voter registration information to the Secretary of State.  Defendants shall provide updates to Plaintiffs with detailed explanations of the results of that investigation to date, at least every two weeks, until 60 days from the date of this Order.  No later than 30 days from the date of this Order, Defendants shall meet with Plaintiffs to discuss the preliminary results of the investigation and their preliminary recommendation about how to resolve the problems they have identified.  No later than 60 days from the date of this Order, Defendants shall provide a non-confidential written report to Plaintiffs that includes:

- For each DMV transmission of voter registration information to the Secretary of State since October 22, 2018, the number of voter registration applications and updates included in that transmission, broken down by:
    o the means by which the voter registration applications and updates were submitted to DMV, including whether submitted through the renewal-by-mail procedure;
    o the date of the voter registration application or update;
    o the date the DMV transmitted the voter registration application or update to the Secretary of State and, if available, the date the Secretary of State transmitted the voter registration application to counties; and

- a detailed explanation of the full set of problems causing the delays and Defendants' proposal to address these problems.

3. **Counting Every Vote:**

   If a provisional ballot cast by an individual who submitted to the DMV a valid voter registration application or update dated on or before the October 22, 2018 voter registration deadline was not counted during the November 6, 2018 general election as a result of the Quality Assurance process, the Secretary of State shall take steps necessary to ensure that every vote is counted, including but not limited to providing guidance to elections officials in the relevant jurisdiction(s) on how to count the affected ballots and, if appropriate, re-certify election results, and seeking court relief, if necessary.

4. **Contacting Affected Voters:**

   The Secretary of State shall send a letter to all persons whose voter registration records were affected by delays resulting from the Quality Assurance process. The letter shall explain that there was a delay in processing their voter registration application or voter registration update submitted to DMV, which may have affected their ability to vote in the November 6, 2018 general election. The letter shall explain that the voter registration applications and updates previously submitted to the DMV have now been processed, that the voters are registered to vote, and that voters may check the details of their voter registration using the lookup tool on the Secretary of State's website. Finally, the letter shall provide a toll-free number voters may call if they have any questions about the letter, their registration status, or the status of any provisional ballot they may have cast. The letter must be sent in voters' language preference identified in DMV records. Subject to agreement of the parties, Defendants are not required to send additional notice to agreed-upon categories of voters who have already received adequate notification.

5. **Quality control:**

   Within 60 days of the date of this Order, the Secretary of State and DMV will determine the precise causes of the delayed transmission of records from DMV to the Secretary of State, and identify corrective measures or changes to the existing Quality Assurance process that should be made to ensure the timeliness of the transmissions of records from DMV to the Secretary of State.  These corrective measures or changes will be formalized in written protocols.  These measures will include a process for requiring, on a weekly basis, for the duration of the term of the Settlement Agreement, a check of whether any voter registration data has been transferred by the DMV to the Secretary of State.   These measures shall also include a protocol for responding to any errors or issues that may be identified.

6. **Appointment of NVRA Coordinators:**

   - DMV will appoint an NVRA coordinator for the period of the Settlement Agreement. The coordinator will be responsible for monitoring DMV's compliance with the NVRA, including the processing and timely transmission of voter registration information submitted to DMV, and the transfer of new or updated voter registration information received through DMV's renewal-by-mail procedures.

   - The Secretary of State shall appoint an NVRA coordinator responsible for the Secretary of State's compliance with Section 5 of the NVRA, including the processing and timely transmission of voter registration information submitted to DMV, and the transfer of new or updated voter registration information received through DMV's renewal-by-mail procedures.

   - The DMV and Secretary of State NVRA coordinators will be management level employees for whom a key component of their responsibilities will be compliance with the NVRA.  DMV and the Secretary of State shall provide Plaintiffs' counsel with contact information for these coordinators within 30 days of the date of this

Order and notify Plaintiffs' counsel of any change in coordinator within 7 days of that change.

7. **Reporting:**

Every month during the term of the Settlement Agreement, Defendants shall provide Plaintiffs' counsel with a report that includes the data requested in Paragraph 2 for the previous month, and shall also provide a narrative summary of the implementation of the processes developed in accordance with Paragraph 5, as well as any actions DMV and the Secretary of State have taken to address any errors or issues discovered while carrying out these processes.

8. **Notice:**

DMV will notify the Secretary of State of any errors or delays related to the timely transmission of voter registration records received and transmitted by DMV, including but not limited to those received through its renewal-by-mail procedures, within three business days of the discovery of the error or delay by DMV management. The Secretary of State will notify county elections officials of any errors or delays related to the timely transmission of voter registration records from DMV within three business days of the discovery of the issue by Secretary of State management.  DMV and the Secretary of State will notify Plaintiffs of any violation of the Settlement Agreement, or this Order, as soon as possible but not later than three business days after DMV management or the Secretary of State management has discovered the violation. Defendants shall make their best efforts and take all reasonable steps to ensure that discovery of errors or delays are elevated to management within one business day of discovery.

9. **Training:**

- Within 30 days of the entry of this Order, DMV shall provide to Plaintiffs' counsel for their review a Training Plan that lays out DMV's plan for employee training

regarding the timely transmission of voter registration records as required under 52 U.S.C. § 20504(e) and the Settlement Agreement. The Training Plan will include the classifications of employees to be trained; how the employee training will be logged; steps for immediate elevation of transmission issues to management; and the timelines for the training. Plaintiffs' counsel shall provide any written feedback within five business days of the receipt of the Training Plan. Within 30 days of receipt of Plaintiffs' feedback on the Training Plan, DMV shall provide the training materials described in the Training Plan to Plaintiffs' counsel for their review. Plaintiffs' counsel shall provide any written feedback within three business days of the receipt of the draft training materials. DMV shall finalize training materials within 30 days of receipt and shall commence training within 30 days of finalizing the materials.

- The Secretary of State shall, within 90 days of the date of this Order and annually thereafter, provide a live training to all Secretary of State employees responsible for the receipt and processing of voter registration information from DMV, including but not limited to training on the procedures for regular monitoring of the timeliness of the receipt of registration data from DMV renewal-by-mail transactions, and the protocol for reporting and addressing problems with the timeliness and quality of the voter registration data received from DMV.

10. **Procedures**:

    No later than June 30, 2019, the Secretary of State will update Chapters 2 and 3 of its NVRA Manual in consultation with the DMV and Plaintiffs to include the processes and procedures implemented under the Settlement Agreement and this Order.

11. **Review:**

    The Secretary of State shall exercise its authority under Elections Code section 2404(b) to conduct a full review of DMV and the Secretary of State's

compliance with the NVRA as it relates to DMV's transmittal of voter registration information to the Secretary of State and shall publish the results of the review on the Secretary of State's website by April 30, 2019.

12. **No Release or Waiver Except as Specified:**

   - Nothing in this Order shall be construed to reduce or eliminate any existing obligation placed on Defendants by the NVRA or state law.
   - Except for claims to enforce this Stipulation, and in consideration of the mutual promises set forth in the Stipulation, Plaintiffs shall release and discharge Defendants from all claims relating to delays resulting from the Quality Assurance process (as defined in Paragraph 1) that Plaintiffs ever had or now have against Defendants, through the date of this Order, provided that the Parties can reach agreement on the terms of a stipulation and proposed order as described in Paragraph 13. If the Parties are not able to reach agreement, they shall file a joint statement identifying any reasons they are not able to reach agreement.
   - The Parties shall file this proposed stipulated order or joint statement no later than 30 days from the date Plaintiffs receive the written report.
   - Plaintiffs do not waive or release any other claims they may have related to possible failures by Defendants to transmit voter registration information within the time required by the NVRA.

13. **Further Stipulation or Joint Statement:**

   After receipt of the written report that Defendants will provide to Plaintiffs no later than 60 days from the date of this Order (in accordance with Paragraph 2), the Parties shall work in good faith to reach agreement on a separate proposed stipulated order that (1) provides the number and detailed description of the records affected by the delays resulting from the Quality Assurance process, (2) describes the steps Defendants have taken and will take to address those delays, including steps to ensure

that any provisional ballots cast by voters whose registrations would have been timely but for the delays resulting from the Quality Assurance process are counted, and (3) effectuates Plaintiffs' waiver and release of all claims relating to those delays, subject to the conditions of Paragraph 12.

**IT IS SO STIPULATED.**

Dated:  February 4, 2019

XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General

By  /s/ P. Patty Li
P. PATTY LI
Deputy Attorney General
*Attorneys for Defendants Brian C. Annis, Secretary of the California Transportation Agency, et al.*

Dated: February 4, 2019

MORRISON & FOERSTER LLP

By  /s/ Michael A. Jacobs
MICHAEL A. JACOBS
*Attorneys for Plaintiffs League of Women Voters of California, ACCE Institute, California Common Cause, and Unidos US*

**IT IS SO ORDERED.**

Dated February 5, 2019.

Hon. Laurel Beeler
UNITED STATES MAGISTRATE JUDGE

10
STIPULATION AND [PROPOSED] ORDER REGARDING ENFORCEMENT OF SETTLEMENT AGREEMENT
Case No. 3:17-cv-02665-LB

sf-3987755

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that P. Patty Li has concurred in this filing.

Dated:   February 4, 2019                                       /s/  Michael A. Jacobs
                                                                                Michael A. Jacobs